UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re                                                                          Chapter 11

LORELEI ASSOCIATES, LLC,                               Case No. 10-24979-BKC-RAM

        Debtor.
_____/

### MOTION TO DETERMINE RIGHTS IN UNEARNED RETAINER

GHE Holdings, Inc. ("**GHE**"), a party in interest in this case, files this motion (the "**Motion**") seeking the entry of an order establishing that certain funds GHE advanced to Debtor's counsel, McDonald Hopkins, P.A. (the "**Firm**"), are not property of the Debtor's estate and, accordingly, that any remaining unearned portion of those funds should be immediately returned to GHE.  In support GHE states as follows:

### Jurisdiction And Venue

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### Background

2.    On May 28, 2010 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

3.    On and before the Petition Date, the Debtor and GHE were engaged in discussions concerning a potential sale of substantially all of the Debtor's assets to GHE through a bankruptcy plan of reorganization or pursuant to Section 363 of the Bankruptcy Code.  It was and remains GHE's desire to purchase substantially all of the Debtor's assets and GHE was willing to facilitate the Debtor's bankruptcy filing and retention of counsel to accomplish this

goal. Accordingly, GHE agreed to advance a $75,000.00 retainer to the Firm ("**Retainer**") in connection with the Firm's representation of the Debtor. The Retainer was paid directly by GHE (or one of its affiliates) to the Firm. Attached hereto as **Exhibit A** are copies of a request from GHE's principal, Peter Hopwood, to wire funds directly to the Firm's account and an executed application to do so.

4. GHE has repeatedly disclosed in open Court that it funded the Retainer directly to the Firm in order to facilitate a sale of the Debtor's assets. Several poorly prepared documents that were filed with this Court by the Debtor, however, incorrectly state that the Debtor funded the Retainer. *See* Application for Compensation (Doc. No. 150), ¶ 7; *see also* Disclosure of Compensation of Attorney for Debtor (Doc. No. 6), ¶ 2 (incorrectly disclosing that "The funds were advanced to the Debtor by Gradeword Heating Engineers, Ltd., an affiliate of GHE Holding LLC").[1] In fact, the Retainer was never transferred to the Debtor and the Debtor never had any control over the Retainer. The Firm maintained the Retainer in its trust account to be applied against legal fees and costs incurred by the Firm in connection with its representation of the Debtor in this Chapter 11 case. Furthermore, the Retainer was not advanced to the Firm as a loan to the Debtor, nor as a gift; rather, the Retainer was advanced for the sole process of facilitating a bankruptcy court sale of the Debtor's assets.

5. On July 2, 2010, Barry E. Mukamal was appointed Chapter 11 Trustee (the "**Trustee**") in this bankruptcy case, and his appointment was approved by this Court on July 9, 2010.

---

[1] The original Declaration signed by Mr. Carl Lindback, III, in support of the Chapter 11 Petition and filed with the Court (Doc No. 46) mistakenly states that the Firm received the Retainer from the Debtor. *See* Original Declaration ¶ 30. The Amended Declarations (Doc Nos. 47 and 65, respectively), correct that mistake and instead state that the Firm received the Retainer without saying from whom it was received. *See* Doc Nos. 47 and 65, ¶ 28 and 28, respectively.

TPA511,484,336

6. On October 1, 2010, the Court entered an Order granting, in part, the Firm's Fee Application and awarding the Firm a total of $31,862.65 for post-petition work in this case. *See* Doc. No. 181. The $31,862.65 in fees and expenses were drawn down against $65,707.00, the remaining portion of the Retainer. The Order also directed the Firm to transfer the unearned portion of the Retainer — $33,844.35 — to the Trustee pending a determination of the rights in those funds.

## Legal Argument

7. The Retainer was advanced directly by GHE, a third party, to the Firm to facilitate a sale of the Debtor's assets to GHE. There was no expectation that the Debtor would reimburse GHE for the funds legitimately applied by the Firm to accomplish that goal. At all times, however, the Retainer remained the property of GHE being held in trust by the Firm, and at no point in time did GHE relinquish those ownership rights in the Retainer. Simply put, the Retainer is not "property of the estate" as provided for in Section 541 of the Bankruptcy Code.

8. In a bankruptcy case, it is a well accepted legal principle that a prepetition retainer paid by the debtor to its counsel becomes property of the bankruptcy estate under Section 541 upon the filing of the bankruptcy case, and that the unearned portion of the retainer must be returned to the debtor's estate upon request. *See In re* Zukosi, 237 B.R. 194, 197 (Bankr. M.D. Fla. 1998); *In re Gray's Run Technologies, Inc.*, 217 B.R. 48, 53-54 (Bankr. M.D. Pa. 1997); I*n re Bressman*, 214 B.R. 131, 135 (Bankr. D.N.J. 1997). If, however, the source of a prepetition retainer comes from a third party the prepetition retainer does **not** become a part of the bankruptcy estate, and instead remains property of that third party. *See Zukosi*, 237 B.R. at 197, fn. 4; *In re Coastal Nursing Center, Inc.*, 162 B.R. 918 (Bankr. S.D. Ga. 1993) ("This pre-petition payment from a third party source is not property of the estate.").

9.     The pre-petition Retainer at issue here came from a third party source, GHE, and as a result, the unearned portion of the Retainer is not property of the Debtor's estate and must be returned to GHE upon request.  In addition, the appointment of the Trustee in this case does not change the fact that the unearned portion of the Retainer rightfully belongs to GHE and is not property of the estate.

10.    Section 329 of the Bankruptcy Code also supports the return of the unearned Retainer to GHE.  The Firm's fees in this case were reduced because the Firm agreed that its fees exceeded the reasonable value of its services.  *See* Doc. No. 181.  Accordingly, the Firm agreed to return the unearned portion of the Retainer and Section 329 expressly states in subsection (b)(2) that such portion should be returned to "the entity that made such payment."  The entity here that made such payment was GHE and therefore the unearned portion of the Retainer should be returned to them in accordance with Section 329.

11.    The equities of this case also militate towards ordering the Trustee to return the unearned portion of the Retainer to GHE.  GHE funded the Retainer in a good faith effort to advance this case forward and to facilitate a sale of the Debtor's assets.  Due to circumstances beyond GHE's control, this case did not progress as expected and the principal of the Debtor allegedly engaged in certain conduct that resulted in the appointment of the Trustee.  As a result, a sale involving GHE is no longer being seriously contemplated and GHE has incurred significant expense without accruing any benefit.  GHE should not be made to suffer an additional $33,844.35 loss for the benefit of the Trustee, especially where the Retainer funds were earmarked exclusively to compensate Debtor's counsel — who know longer play an active role in this case — and where the Retainer was not, and is not, property of the Debtor's Chapter 11 estate.

TPA511,484,336

WHEREFORE, GHE requests that the Court (1) find that GHE is entitled to the unearned portion of the Retainer in the amount of $33,844.35, (2) direct the Trustee to disburse the $33,844.35 to GHE in a timely manner, and (3) grant GHE such other and further relief as is just and equitable.

Dated:  October 8, 2010                             Respectfully submitted,

                                      /s/ Robert A. Soriano
Robert A. Soriano (FBN 445002)
E-mail: sorianor@gtlaw.com
GREENBERG TRAURIG, P.A.
625 East Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone:  (813) 318-5700
Facsimile:   (813) 318-5900

- and -

Ari Newman (FBN 056575)
GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Phone: (305) 579-0500
Facsimile: (305) 579-0717
Email: newmanar@gtlaw.com

*Attorneys for GHE Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2010, a true and correct copy of the foregoing was served on all counsel of record or pro se parties identified on the attached Service List as having received electronic mail notice, via transmission of Notices of Electronic Filing generated by CM/ECF and via First Class U.S. Mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                /s/ Robert A. Soriano
                ROBERT A. SORIANO

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Melissa Alagna    mma@segallgordich.com
- Stephen P. Drobny    sdrobny@shutts.com, mvandenbosch@shutts.com
- Spencer Gollahon    sgollahon@mcdonaldhopkins.com, jpaul@mcdonaldhopkins.com;jlamb@mcdonaldhopkins.com
- Lawrence Gordich    LAG@segallgordich.com, cmp@segallgordich.com
- Ross R Hartog    rhartog@mdrtlaw.com, ecfnotices@mdrtlaw.com;joyecf@mdrtlaw.com
- Andrew R Herron    aherron@hjo-law.com, ndecastro@hjo-law.com
- Harris J. Koroglu    hkoroglu@shutts.com, jgoodwin@shutts.com
- Peter H Levitt    plevitt@shutts-law.com
- Corali Lopez-Castro    clc@kttlaw.com, rcp@kttlaw.com
- Jerry M Markowitz    jmarkowitz@mdrtlaw.com, jmartin@mdrtlaw.com;gruiz@mdrtlaw.com;msalazar@mdrtlaw.com;rcarnahan@mdrtlaw.com;rrubio@mdrtlaw.com;ycandia@mdrtlaw.com
- Robert C Meyer    meyerrobertc@cs.com, taniaslaw@yahoo.com
- Barry E Mukamal    bankruptcy@rachlin.com, FL64@ecfcbis.com
- Sundeep K Mullick    SKM@segallgordich.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- David L Rosendorf    dlr@kttlaw.com, rcp@kttlaw.com;CWT@kttlaw.com;ycc@kttlaw.com
- Steven D Schneiderman    Steven.D.Schneiderman@usdoj.gov
- Robert A. Soriano    sorianor@gtlaw.com, devlind@gtlaw.com

*TPA511,484,336*

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service).

Aspen Specialty Insurance Company
6000 Atlantic Ave
Ste 2100
Boston, MA 02110

Jon Preiksat
17 Gulf Manor Dr
Venice, FL 34285

Patrick E Sessions
1754 South Bayshore Lane
Miami, FL 33133

Tina M Talarchyk
505 South Flagler Dr #300
West Palm Beach, FL 33401

Richard Zelman
1401 Brickell Ave, 7 Fl
Miami, FL 33131

Lorelei Associates, LLC
POB 489
Islamorada, FL  33036

*TPA511,484,336*